Anthony J. Turner # 139355
LAW OFFICES OF ANTHONY J. TURNER
1818 West BEVERLY BLVD., SUITE 103
MONTEBELLO, CA 90640
Telephone: 310-491-5998 Fax: 310-882-5457
Attorney for Plaintiffs Francisco Lopez and Maria Ramirez

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MARIA L. RAMIREZ, | ) Chapter 13 |
| Debtor. | ) Case No.: 2:10-bk-20778-AA |
| _____ | ) ADV. NO: |
| FRANCISCO J. LOPEZ, MARIA L. RAMIREZ | ) ADVERSARY COMPLAINT FOR |
| Plaintiffs, | ) 1) QUIET TITLE |
| v. | ) 2) CANCELLATION OF INSTRUMENT ) 3) FRAUD AND DECEIT ) 4) DECLARATORY RELIEF |
| LORELAY VIRBIA, INDIVIDUALLY AND DOING BUSINESS AS ADVANTICA; ADVANTICA LOAN PROCESSING, ADVANTICA CORP; IBERIAN LENDING; NEW FRONTIER FUNDING; and DOES 1 through 50, inclusive. | ) ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiffs Francisco J. Lopez and Maria L. Ramirez, complain of the defendants, and each of them, and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1. March 23, 2010, Plaintiff Maria L. Ramirez filed a voluntary Chapter 13 Petition and on that date was entitled to relief under Chapter 13 of the Bankruptcy Code.

2. This adversary proceeding is commenced under Fed. R. Bankr.
P. Rule 7001 by Plaintiff Ramirez, seeking Quiet Title,
Cancellation of Deed and Declaratory relief involving real
property that is property of the bankruptcy estate. This is
core proceeding pursuant to 28 U.S.C. section 157 (b) (2)
(I.) This Court has jurisdiction over this proceeding
pursuant to 28 U.S.C. section 1334, 28 U.S.C. 157 and the
Order of Reference entered by the District Court.

3. Venue is proper in this district by virtue of 28 U.S.C.
section 1409 (a), as this proceeding arises in and relates to
a case under the Bankruptcy Code pending in this district.

4. Plaintiffs, Francisco J. Lopez and Maria E. Ramirez
(hereinafter referred to collectively as "plaintiffs") brings
this action to set to quiet title to real property located at
4714 Bell Place in the City of Bell, County of Los Angeles,
California (hereinafter "the PROPERTY"). Plaintiffs are also
seeking declaratory relief to determine plaintiffs' interest
in said real property; cancellation of instrument; and
damages for fraud and deceit.

5. At all times herein relevant Plaintiff Francisco J. Lopez
(hereinafter "Lopez") is an individual residing in the City
of Bell, County of Los Angeles, State of California.

6. At all times herein relevant Plaintiff Maria L. Ramirez
(hereinafter "Ramirez") is an individual residing in the City
of Bell, County of Los Angeles, State of California.

7. At all times herein relevant Plaintiff Lopez was the record
owner of the PROPERTY and from time to time Plaintiff Ramirez
has and is the record owner of the PROPERTY.

8. At all times herein relevant Defendant Lorelay Virbia is and was an individual residing in the in the County of Los Angeles, State of California. Plaintiffs are informed and believe and thereon allege that Defendant Virbia does business as Advantica Loan Processing.

9. Defendant Advantica Loan Processing Center, Inc is a suspended California corporation doing business in the County of County of Los Angeles, California.

10. Plaintiffs are informed and believe and thereon allege that at all times herein relevant Defendant Advantica Corp. is an unknown business entity doing business in the County of Los Angeles, State of California.

11. Plaintiffs are informed and believe and thereon allege that at all times herein relevant Defendant Iberian Lending is an unknown business entity doing business in the County of Los Angeles, State of California.

12. Plaintiffs are informed and believe and thereon allege that at all times herein relevant Defendant New Frontier Funding is a unknown business entity doing business in the County of Los Angeles, State of California.

13. Defendants Does 1 through 10, inclusive, have, or claim to have, an interest in the property subject to the mortgage hereafter described, which interest is subsequent to and subject to the lien of deed of trust. The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants Does 11 through 30, inclusive, being unknown, plaintiffs sues these defendants by these fictitious

names and will amend this complaint to show their true names
and capacities when they are ascertained.

14. Plaintiffs are ignorant of the true names and capacities of
defendants sued herein as DOES 31 through 50, inclusive, and
therefore sues these defendants by such fictitious names,
Plaintiffs will amend this complaint to allege their true
names and capacities when ascertained. Plaintiffs informed
and believes and thereon alleges that each of the
fictitiously named defendants is responsible in some manner
for the occurrences herein alleged and that plaintiff's
injuries were proximately caused thereby.

15. Plaintiffs are informed and believes and thereon alleges
that at all times herein mentioned each of the defendants was
the agent and employee of each of the remaining defendants,
and in doing the things hereinafter alleged, was acting
within the course and scope of such agency or employment.

### FIRST CAUSE OF ACTION

(Quiet Title, as to the PROPERTY)

16. Plaintiff re-alleges and incorporates by reference the
allegations set forth in Paragraphs 1 – 15.

17. There is in existence a certain written instrument that
purports to be a Deed of Trust to the PROPERTY as set forth
in Exhibit A attached hereto.

18. On or around September 2005 Plaintiffs took out a $71,000.00
home equity line of credit secured by the subject real

property with the assistance of Defendants Virbia and
Advantica. The purpose of the loan was for remodeling.

19. On or around October 2006 defendant Virbia, without
Plaintiffs' knowledge or consent refinanced the real
property. When Plaintiffs challenged her about taking it upon
herself to refinance the real property without Plaintiffs'
knowledge or consent she replied "that there was a problem
with the HBSC account so the loan was transferred to
Homecomings Financial." Shortly thereafter Plaintiffs
received a statement from Homecomings with a balance of
$108,000.00.

20. At no time were Plaintiffs presented with any documents
relative to the this "new" loan and at no time did Plaintiffs
executed or grant permission for anyone to execute on their
behalf any documents relative to this "new" loan.

21. When Plaintiffs asked Virbia how she was able to get a new
loan without them signing she told them that she "didn't need
anything from us because she already had our signatures and
personal information on file."

22. During the course of the next several months our
relationship with Virbia and Advantica developed in to a
closer trusting relationship. Because of problems with
permits we ran short of money and over the course of the next
year Virbia loaned us an additional $15,000.00 and $10,000.

23. On or about July 20, 2007 we received a cashier's check in the amount of $15,000.00 from Jesus L. Lizarraga. Plaintiffs are informed and believe and thereon allege that Jesus L. Lizarraga is the mother of defendant Virbia.

24. On or about August 20, 2007 we received a second cashier's check in the amount of $10,000.00. The remitter of that check was blank.

25. There was no writing between Plaintiffs and the defendant with regards to how the $25,000.00 was to be repaid, however, defendant Virbia stated that we would be required to pay $323.00 as interest only because she withdrew the money from her personal account and she was losing interest.

26. Plaintiffs made approximately 12 payments to defendants Advantica.

27. On and around April of 2008 Plaintiffs received a Notice of Balloon Payment Due in the mail in the amount of $26,183.04 with a May 20, 2008 due date. Plaintiffs immediately contacted defendant Virbia who told them to disregard the Notice, "it was sent by error by one of her employees."

28. On and around August 2008 defendant Virbia presented what is purported to be a Note Secured by a Deed of Trust in the amount of $25,000.00 dated July 20, 2007 due and payable in 14 months and requested that Plaintiff Lopez sign the document. Lopez refused to sign the document. The next time Lopez saw the document it had a signature that is purported

to be his on it as well as defendant Lorelay Virbia signature and notary stamp. At no time did Lopez sign or authorize anyone to sign this document on his behalf.

29. On or about October 1, 2008 Virbia came to Plaintiffs' home with a document entitled "Modification of the Promissory Note" date October 1, 2008 in the amount of $29,500.00 and requested that Plaintiffs execute the document. Plaintiffs refused.

30. On or about October 17, 2008 Virbia again came to Plaintiffs home, this time with a loan application stating that she could process a loan with a new company; "New Frontier Funding Corp." Plaintiffs did complete the loan application because they trusted Virbia and believed she was trying to help them. Shortly thereafter Virbia contacted the Plaintiffs and informed them the loan application was denied.

31. On or about November 12, 2008 Virbia again came to Plaintiffs' home this time with a document entitled "Request for Verification of Employment." Virbia stated she wanted to submit the loan application to another company but need this form to submit to my former employer to be signed. Plaintiffs again refused after seeking legal advice which angered Virbia.

32. On or around December 2008 Virbia suggested that Plaintiffs attempt to secure financing on their own and at that time provided them with fake paystubs that showed that Plaintiff

Ramirez was employed by New Frontier Funding Corp. from February 10, 2008 through November 29, 2008. Again Plaintiffs refused to go along with Virbia's request at which point she became enraged and threatened Plaintiffs.

33. Plaintiffs are informed and believe and thereon allege that defendants and each of them either forged Lopez' signature on the document or cause the signature to be forged on the document.

34. On or about December 31, 2008 Plaintiffs received a Notice of Transfer of Loan Servicing in the mail. The notice indicated that servicing was being transfer to Herbert Marino, if also included a Notice of Default with a reinstatement about of $31, 351.33 as of November 30, 2008 and a copy of a recorded Deed of Trust that purported to have Plaintiff Lopez' signature on it.

35. Plaintiffs are informed and believe and thereon allege defendants, and each of them forged the Deed of Trust or caused the Deed of Trust to be forged with the intent to defraud and deceive Plaintiffs.

36. As a result of the wrongful and deceitful conduct of defendants, and each of them, Plaintiffs have been and continue to be wrongfully deprived of quiet enjoyment the PROPERTY.

37. An actual controversy has arisen and now exists between Plaintiffs and defendants, and each of them, concerning their respective rights and duties under the Deed of Trust in that

Plaintiffs contend the Deed of Trust is a forged and fraudulent document and therefore is void and unenforceable.

38. As a direct and proximate result of defendants' fraud and deceit Plaintiffs have suffered injury in that Plaintiffs' have been the subject of a wrongful foreclosure or attempted wrongful foreclosure the PROPERTY by defendants, and each of them. Plaintiffs seek damages in an amount according to proof at the time of trial.

39. In doing the acts herein alleged, defendants, and each of them, acted with oppression, fraud and malice, and plaintiff is entitled to exemplary damages.

## SECOND CAUSE OF ACTION

(Cancellation of Instrument)

40. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 – 39.

41. The claims of defendants, and each of them, to the PROPERTY are without any right or merit. Although the Deed of Trust appears valid on its face, it is invalid, and of no force and effect, for the reasons set forth in paragraphs 1 - 39 of this complaint.

42. The estate or interest claimed in the PROPERTY by defendants, and each of them under the Deed of Trust is a cloud on Plaintiffs' title to the property in that it tends to depreciate its market value, restricts Plaintiffs' use and enjoyment of the property, and hinders plaintiffs' right to unrestricted alienation of the property. If the Deed of Trust

is not delivered and cancelled, serious injury will result to
Plaintiffs.

### THIRD CAUSE OF ACTION

(For Fraud and Deceit)

43. Plaintiff re-alleges and incorporates by reference the
allegations set forth in Paragraphs 1 – 42.

44. Plaintiffs are informed and believe and thereon allege that
defendants forged or cause to be forged the Deed of Trust
that was attached to the Notice of Default. Plaintiffs are
further informed and believe and thereon allege that
defendant Virbia herself notarized the forged Deed of Trust.

45. At no time did defendants, and each them, reveal to
Plaintiffs the Deed of Trust that was purportedly executed by
Plaintiff Lopez. Had the Deed o0f Trust been presented to
Plaintiff Lopez he would have refused to sign it in any case.

46. As a direct and proximate result of defendants' fraud and
deceit Plaintiffs have suffered injury in that Plaintiffs'
have property has been foreclosed and they are now subject to
being evicted. Plaintiffs seek damages in an amount according
to proof at the time of trial.

47. In doing the acts herein alleged, defendants, and each of
them, acted with oppression, fraud and malice, and Plaintiffs
are entitled to exemplary damages.

### FOURTH CAUSE OF ACTION

(For Declaratory Relief)

48. Plaintiffs re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 – 47.

49. Plaintiffs are informed and believe and thereon allege that the Deed of Trust that was recorded by defendants, and each of them is a forged document and therefore has no legal effective.

50. Plaintiffs desire a judicial determination of the respective rights of the parties in order that the parties may ascertain their rights and duties with respect to the Property.

51. Such a declaration is necessary and appropriate at this time under the circumstances.

### PRAYER

WHEREFORE, Plaintiffs prays for judgment against defendants and each of them as follows:

a. For general, compensatory and consequential damages, for special damages in an amount according to proof at time of trial.

b. For exemplary and punitive damages;

c. For a declaration that the Deed of Trust to the PROPERTY is null and void, alternatively for a declaration canceling the Deed of Trust.

d. For attorney' fees;

e. For costs of suit incurred herein; and

f. For additional and further relief as the Court deems fair and just.

Dated: October 12, 2010

Respectfully submitted

By: _____
    Anthony J. Turner
    Attorney for Plaintiffs